UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRACY LARUE MAYER                                                CIVIL ACTION

VERSUS                                                           NO: 10-2627

SHAUN RICHARD ENGLISH                                            SECTION "C" (3)

ORDERS AND REASONS

Before the Court comes the Plaintiff's Motion to Remand which alleges that the Defendant's Notice of Removal was untimely. (Rec. Doc.6). Defendant, a resident of Florida, opposes and argues that the notice was filed within thirty days of the initial pleadings. (Rec. Doc.8). Based on the record, the memoranda of counsel, and the applicable law, the Plaintiff's Motion to Remand is DENIED for the following reasons.

On March 13, 2008, the Plaintiff filed a Petition for Divorce in the 24th Judicial District Court for the Parish Jefferson State of Louisiana. (Rec. Doc. 6). In the Petition, the Plaintiff asserted an action for divorce, child custody and visitation, and child support against the Defendant. (Rec. Doc. 6). On June 18, 2010 a separate action was commenced in a Louisiana state court between the parties, and the Defendant was served an Order and received a copy of the Plaintiff's Ex Parte Motion to Quash Emergency Pick-up Order of the Florida District. (Rec. Doc. 6-2). On July 16, 2010, the Defendant filed a Notice of Removal from state court to this Court. (Rec. Doc. 8).

Under 28 U.S.C. 1446(b), "notice of removal for a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." The Defendant filed the Notice of Removal less than thirty days after he was served on June 18, 2010. As a result, the Defendant may remove the state proceedings because he filed his Notice of Removal within the time frame established by 28 U.S.C. 1446(b).

However, the Court is concerned that it lacks subject matter jurisdiction over this matter and requests that the parties provide memoranda regarding subject matter jurisdiction for this case. The parties are reminded that subject matter jurisdiction must be affirmatively shown and that they cannot consent to subject matter jurisdiction.

Accordingly,

IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

IT IS ORDERED that by November 6, 2010 the parties shall file memoranda directed on the issue of subject matter jurisdiction .

New Orleans, Louisiana, this 12th day of October, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT