UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRACY LARUE MAYER                                    CIVIL ACTION

VERSUS                                               NO. 10-2627

SHAUN RICHARD ENGLISH                                SECTION "C"(3)

**ORDER AND REASONS**[1]

The above parties were requested to brief the issue of whether or not federal subject matter jurisdiction exists in the present dispute. (Rec. Doc. 12). Having considered the record, memoranda of counsel, and the law, the Court finds that it lacks subject matter jurisdiction.

**I. Background**

In April of 2010, Plaintiff sought the assistance of the Jefferson Parish District Attorney in collecting child support payments from Defendant. (Rec. Doc. 13-1 at 14). On June 14th of that year, Defendant obtained an emergency pick-up order[2] for the minor child of the parties, from a Florida circuit court (Division 46). *Id*. at 30. On June 18th, the 24th Judicial District Court for the Parish of Jefferson issued an order quashing the Florida court's pick-up order. (Rec. Doc. 13-1 at 6). Defendant filed for removal to this Court on July 19, 2010. (Rec. Doc. 1). Plaintiff filed a motion to remand, which this Court denied because Defendant's motion was properly filed according to 28 U.S.C. § 1446(b). This Court was concerned, however, about the existence of federal subject matter

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

[2] The order provided that Defendant would have consecutive visitation with the child for four weeks, from June 14, 2010 to July 11, 2010, which was to be "unsupervised and uninterrupted" by Plaintiff. The order also provided that any Sheriff in the state of Florida was authorized to take the child and immediately deliver her into Defendant's custody. (Rec. Doc. 4-2 at 13-15).

jurisdiction, and requested that the parties brief the issue. (Rec. Doc. 12).

## II. Law & Analysis

Plaintiff alleges, and Defendant does not deny, that "the only issues between the parties are that of child custody and child visitation and child support." (Rec. Doc. 13 at 6). The federal courts are ones of limited jurisdiction, and the party seeking to establish jurisdiction bears the burden of proof. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Defendant asserts that federal question jurisdiction under 28 U.S.C. § 1331 exists, based upon the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A. (Rec. Doc. 15 at 1). The purpose of the PKPA is to "enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act....Once a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute." *Thompson v. Thompson*, 484 U.S. 174, 175-76 (1988).

In *Thompson v. Thompson*, the Supreme Court determined that the PKPA does not create a private federal right of action. 484 U.S. at 183. "[T]he context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid." *Id*. at 188.

In *Thompson*, a California state court awarded joint custody of a minor child to respondent and petitioner, the exercise of which became impossible when respondent wished to move to Louisiana to take a job. *Id*. at 178. Because of this, the California court granted respondent sole custody pending a more intensive custody investigation. *Id*. After moving to Louisiana, respondent petitioned a Louisiana state court to enforce the California custody decree, which it granted. *Id*.

Shortly thereafter, however, the California court completed its custody investigation and entered an order awarding sole custody of the child to petitioner, who brought an action in federal district court in California, requesting an order declaring the Louisiana decree invalid and the California decree valid. *Id*. The petitioner did not attempt to enforce the California decree in the Louisiana court before bringing his action in federal court. The respondent moved to dismiss based on lack of subject-matter and personal jurisdiction, which was granted, then affirmed by the Ninth Circuit Court of Appeals. *Id*. The Court of Appeals found "the Act does not create a private right of action in federal court to determine the validity of two conflicting custody decrees" and the Supreme Court affirmed. *Id*. At 179.

In this case, Defendant petitioned for removal after the Louisiana State court quashed the emergency pick-up order issued by the Florida State court, asserting its exclusive jurisdiction over the matter. (Rec. Doc. 13-1 at 6). As in *Thompson*, Defendant did not appear in Louisiana State court to contest its jurisdiction. In his memorandum in support of federal jurisdiction, Defendant asserts "removal was for federal question jurisdiction." (Rec. Doc. 15 at 2). The PKPA is Defendant's only asserted basis for federal jurisdiction, and *Thompson* clearly holds that the statute does not support his argument. 484 U.S. at 187. Defendant provides no evidence that an independent basis for federal jurisdiction exists. Therefore, this Court does not have jurisdiction to hear the matter.

Finally, even if this Court had jurisdiction, federal courts abstain from asserting jurisdiction over matters which are purely domestic, preferring to leave issues of family relations to the state courts unless a substantial federal question is involved. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S.1, 13 (2004).

### III. Conclusion

For the reasons stated above, the Court finds no ground for federal jurisdiction over this dispute.

Accordingly,

IT IS ORDERED that the case is hereby REMANDED to the 24th Judicial District for the Parish of Jefferson.

New Orleans, Louisiana, this 2nd day of March, 2011.

                                            **HELEN G. BERRIGAN**
                                            **UNITED STATES DISTRICT JUDGE**